700 P.2d 891

**The STATE of Arizona, Appellant,**

**v.**

**Raymond Ernesto LOPEZ, Appellee.**

**Nos. 2 CA–CR 3412, 2 CA–CR 3413–2.**

Court of Appeals of Arizona, Division 2.

Feb. 20, 1985.

Review Denied April 16, 1985.

**194**

Stephen D. Neely, Pima Co. Atty. by Cindy K. Jorgenson, Tucson, for appellant.

Frederic J. Dardis, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellee.

## OPINION

HOWARD, Judge.

The issue in this case is whether the trial court abused its discretion in dismissing the case with prejudice for alleged prosecutorial misconduct. We find that it did and vacate the order of dismissal.

The record shows that the defendant was arrested on May 20, 1983, based on a complaint made by Margaret Molina. Mrs. Molina had reported to police that she had observed the defendant, her live-in boyfriend, fondling her seven-year-old daughter. Mrs. Molina also stated that she had personally observed defendant engaged in similar incidents on two other occasions. Mrs. Molina has three children, one of whom is the daughter of the defendant. At the time of his arrest, the defendant was advised of his *Miranda* rights, and after stating that he understood his rights and was willing to answer questions, he admitted kissing and touching the victim in a sexual manner but claimed that he did so because he mistook the child for Mrs. Molina.

At the preliminary hearing held on May 27, 1983, both Mrs. Molina and her daughter testified concerning the defendant's molesting activities and the defendant was bound over on one count of child molestation. On June 7, the defendant was indicted in CR–10987 for one count of an additional act of molestation with the victim and the two cases were consolidated.

On August 24, Mrs. Molina gave a tape-recorded statement to the defense attorney in the case, stating that she had lied at the preliminary hearing and had persuaded the victim to lie and that the actual acts of molestation had never occurred. Prior to making these statements to the defense attorney, Mrs. Molina made statements to David Ramage-White, the deputy county attorney prosecuting the case, that she wished to drop the charges because she needed and was offered financial support from the defendant.

On September 21 the Pima County Attorney's Office moved to withdraw from the prosecution of the case on the ground that those statements made by Mrs. Molina would be admissible as evidence at defendant's trial to show Mrs. Molina's intent and motive for changing her testimony. The county attorney's office was allowed to withdraw from the case and the prosecution was assumed by the office of the Arizona attorney general.

On December 27, shortly before the trial date of January 4, 1984, Mrs. Molina was interviewed by Carl Kishman, an investigator for the Pima County Attorney's Office. Also present at the interview was Mr. Ramage-White, the deputy county attorney who had prosecuted the case before the attorney general's office took over. At that interview, which was tape-recorded, Mrs. Molina was asked what the trial court has characterized as "leading questions." During the interview she stated that her previous recantation and that of her daughter were not true and that the defendant had, in fact, molested her daughter. Defense counsel was notified and received disclosure of this interview.

At the time of trial, the defendant moved to dismiss the indictment on the basis of prosecutorial misconduct. The trial judge granted the motion to dismiss stating that the law does not permit a prosecutor, once

he has withdrawn, to then help build the case of the prosecution on one of the most important aspects of the case.

Prior to discussing the merits of the case, we address ourselves to the public defender's contention that the Pima County Attorney's Office should not be representing the state on the appeal because a conflict of interest continues to exist.

 This procedural point brings into focus a misapprehension which has flawed the outlook of the trial court and the parties below. There was no need for the Pima County Attorney's Office to withdraw. Mr. Ramage-White could not prosecute and also be a witness, but he could have been a witness while another attorney from his office prosecuted the case. See *State v. Lambright*, 138 Ariz. 63, 673 P.2d 1, (1983). We perceive nothing wrong in the county attorney's prosecuting this appeal.

 The defendant contends that the testimony of Mrs. Molina was irreparably tainted by the conduct of Mr. Ramage-White. We do not agree. Resolution of this contention can best be made by indulging in a hypothetical situation. Suppose that instead of letting Mr. Ramage-White know about her desire and reasons for dropping the charges, Mrs. Molina tells a neighbor. The neighbor then tells the deputy county attorney who, with the neighbor, interviews Mrs. Molina, asking her leading questions. Mrs. Molina then recants her recantation as she did here. Would Mrs. Molina's testimony be irreparably tainted? Would this be grounds for dismissing the prosecution? Obviously the answer to both of these questions is no. Mrs. Molina would be subject to cross-examination by the defendant and the facts surrounding the recantation of the recantation could be placed before the jury. How is the situation here different from the hypothetical question? The main difference is that Mrs. Molina was interviewed here by Mr. Ramage-White, who had withdrawn as the prosecutor. But how is Mrs. Molina's testimony more tainted here than in the hypothetical question? Is it less reliable? We can perceive no difference in the effect upon her testimony. The defendant has shown no prejudice as a result of Mr. Ramage-White's conduct, nor can we perceive of any.

 Assuming arguendo that there was some sort of impropriety on the part of Mr. Ramage-White in speaking to Mrs. Molina after the county attorney had withdrawn from the case, we find it would not be grounds for a dismissal of the prosecution with prejudice. Let us suppose again, for the sake of argument, that the defendant did in fact molest the child. Do the interests of justice require that there be a dismissal of the charges with prejudice merely because Mr. Ramage-White interviewed Mrs. Molina and asked her leading questions? We think not. As in the hypothetical, all that has happened in this case can be brought before the jury through cross-examination and it can decide the truth and accuracy of Mrs. Molina's testimony.

The order granting dismissal of the prosecution with prejudice is vacated and set aside.

BIRDSALL, P.J., and HATHAWAY, J., concur.